IN THE MATTER OF THE APPLICATION OF VICTOR CON-
NELLAN FOR A WRIT OF HABEAS CORPUS.

Argued August 30, 1939—Decided September 22, 1939.

Before Justice TRENCHARD.

For the petitioner, *Louis Rudner* and *Augustine V. Gribbin.*

For the state, *Daniel O'Regan* and *Frank G. Schlosser.*

TRENCHARD, J.   The petitioner seeks release from impris-
onment under a commitment on conviction (under date of
June 24th, 1935) of being a gangster on an indictment
founded upon section 3 of the "Gangster act." *Pamph. L.*
1934, *ch.* 155.

That entire statute is predicated upon the word "gangster,"
thereby declared to be an "enemy of the state" in section 1;
and the indictment in question upon which petitioner was
convicted stated that he was "then and there being a gangster
and an enemy of the state;" and section 5 of the statute pro-
vides the penalty for "being a gangster."

That statute was brought before the United States Supreme
Court in *Lanzetta* v. *State,* 59 *U. S. Supreme Court Reporter*
618; 306 *U. S.* 451, upon a conviction under an indictment
founded upon section 4, and the court declared that "the lack
of certainty of the challenged provision is not limited to the

word 'gang' or to its dependent 'gangster.' Without resolving the serious doubts arising from the generality of the language, we assume that the clause 'any person not engaged in any lawful occupation' is sufficient to identify a class to which must belong all capable of becoming gangsters within the terms of the provision. The enactment employs the expression 'known to be a member.' It is ambiguous. There immediately arises the doubt whether actual or putative association is meant. If actual membership is required, that status must be established as a fact, and the word 'known' would be without significance. If reputed membership is enough, there is uncertainty whether that reputation must be general or extend only to some persons. And the statute fails to indicate what constitutes membership or how one may join a 'gang.' The challenged provision condemns no act or omission; the terms it employs to indicate what it purports to denounce are so vague, indefinite and uncertain that it must be condemned as repugnant to the due process clause of the Fourteenth Amendment."

While the proceeding in the Lanzetta case related only to an indictment founded upon section 4 of the aforementioned act, yet the legal and ultimate effect of that decision manifestly is to declare unconstitutional, and therefore null and void, the whole of the statute. It will be observed that the Supreme Court of the United States declared in that case that the lack of certainty of the statute related not only to the word "gang" but also the word "gangster;" that such lack of certainty existed and arose from the generality of the language "any person not engaged in any lawful occupation," as well as from other language.

That decision of the Supreme Court of the United States was applied and of course followed in our Supreme Court in the case of *In re Rose,* 122 *N. J. L.* 507, in a *habeas corpus* proceeding wherein the indictment was framed upon section 4 of the act, and in that case the prisoner was discharged upon the authority of the Lanzetta case.

Now section 3 of the statute, upon which the present petitioner was indicted, tried and convicted, requires as an essential element to form the basis of the crime intended thereby

to be charged, that the person "have no lawful occupation," and such words are subject to the same charge of uncertainty as those in section 4 condemned by the United States Supreme Court. The words "having no lawful occupation" are as indefinite and uncertain as the equivalent words used in section 4 of the act and condemned by the Supreme Court of the United States. The generality of the words as used in both sections leaves out of account the period of time and the circumstances of the failure to engage in a lawful occupation. That the decisions of the Supreme Court of the United States in the Lanzetta case and in the Supreme Court of New Jersey in the Rose case are controlling on this present application, seems clear.

But this is not all. The Supreme Court of this state in the case of *In re Stanley Olbrys* (not reported in the official reports) had before it on *habeas corpus* a conviction on an indictment in the Morris County Quarter Sessions Court, which indictment discloses that it was framed precisely under section 3 of the statute in question, as was the one now under examination, and the Supreme Court there held that the statute, having been declared unconstitutional by the Supreme Court of the United States, the prisoner "is illegally restrained of his liberty" and he was ordered discharged.

Since the cases herein above cited render it clear, for the reasons herein given, that the petitioner herein must be discharged from imprisonment under the sentence and commitment in question, it is unnecessary to consider other questions argued.

He will be discharged accordingly.